UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREEM O. SUTTON,

                Plaintiff,

              -against-

SARA MIMBS; ADAM RUSSO; JEFFREY
GARMON; ARTHUR V. LYNCH; ROBERT
MARTIN ANDERSON; CAROLYN GIBSON;
MICHAEL S. HARRISON; JOEL HABER;
ALEX YADGAROV; HARE KRISHNA LLC;
EFFICIENCY MOTEL; ABC COMPANIES 1-
10; FEDERAL FINANCIAL SERVICES, INC.;
COASTAL CREDIT LLC: M A INDUSTRIES,
INC.; PEGASUS EMERGENCY GROUP;
ACACIA NETWORK; DAYS INN; BLAKE
HOTEL; TRAVEL INN; DEPARTMENT OF
HOMELESS SERVICES (DHS), NY;
CONNECTICUT DEPARTMENT OF SOCIAL
SERVICES / OFFICE OF CHILD SUPPORT
SERVICES; HUNTERDON COUNTY, NJ;
CAMDEN, NJ LOCAL AUTHORITIES;
ESSEX COUNTY, NJ; MILLBURN
TOWNSHIP, NJ; MILLBURN TOWNSHIP
POLICE DEPARTMENT; JOHN DOE,
SUPERVISORS 1-5 (MILLBURN TOWNSHIP
POLICE DEPARTMENT); JANE DOE,
OFFICERS 1-20 (MILLBURN TOWNSHIP
POLICE DEPARTMENT); TS 1-10, POLICE
DEPARTMENT TECHNICAL/SUPPORT
STAFF; CHIEF JOHN DOE (MILLBURN
TOWNSHIP POLICE DEPARTMENT);
DONALD ROYCE; JESSICA B. UVA;
JOSEPH UVA; LATASHA JOHNSON;
MELISSA GOCAN; PEGASUS EMERGENCY
GROUP; AIESHA BALDWIN; ADELMAN
LAW LLC / CT DSS; SUE RENEE SUTTON;
DOMINECK DAGGERICUS; GRAYLIN
WARD,

              Defendants.

26-CV-2388 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging injuries related to a fire and a vehicular collision. He names as Defendants: (1) Sara Mimbs; (2) Adam Russo; (3) Jeffrey Garmon; (4) Arthur V. Lynch; (5) Robert Martin Anderson; (6) Carolyn Gibson; (7) Michael S. Harrison; (8) Joel Haber; (9) Alex Yadgarov; (10) Hare Krishna LLC; (11) Efficiency Motel; (12) ABC Companies 1-10; (13) Federal Financial Services, Inc.; (14) Coastal Credit LLC; (15) M A Industries, Inc.; (16) Pegasus Emergency Group; (17) Acacia Network; (18) Days Inn; (19) Blake Hotel; (19) Travel Inn; (20) Department of Homeless Services (DHS), NY; (21) Connecticut Department of Social Services / Office of Child Support Services; (22) Hunterdon County, NJ; (23) Camden, NJ Local Authorities; (24) Essex County, NJ; (25) Millburn Township, NJ; (26) Millburn Township Police Department; John Doe, Supervisors 1-5 (Millburn Township Police Department); (27) Jane Doe, Officers 1-20 (Millburn Township Police Department); (28) TS 1-10, Police Department technical/support staff; (29) Chief John Doe (Millburn Township Police Department); (30) Donald Royce; (31) Jessica B. Uva; (32) Joseph Uva; (33) Latasha Johnson; (34) Melissa Gocan; (35) Pegasus Emergency Group; (36) Aiesha Baldwin; (37) Adelman Law LLC / CT DSS; (38) Sue Renee Sutton; (39) Domineck Daggericus; and (40) Graylin Ward. He also filed a document that he styles as an "Emergency Motion for Temporary Restraining Order." (ECF No. 4.)

By order dated April 26, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court: (1) dismisses the complaint for failure to state a claim, with 30 days' leave to replead, and (2) denies Plaintiff's motion for emergency relief.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

The following facts are drawn from the complaint.[1] Plaintiff alleges that he "engaged in multi-state proceedings . . . affecting constitutional rights, housing, and access to courts." (ECF No. 1, at 6.) Under a heading that reads "Violent Incidents Contributing to Ongoing Harm," he writes: "Feb 10, 2023: Plaintiff set afire, causing physical and emotional injury" and "Oct 11, 2024: Plaintiff struck by a vehicle, causing serious injury." (*Id.*)

Under a heading that reads "Unauthorized Signature/Filing Irregularities," he writes: "Notarized summons and complaint contained replicated signature" and "Document relied upon in judicial proceedings, raising procedural fairness concerns." (*Id.*) Similarly, under a heading that reads "Housing Placement & Conditions," he writes: "Government-directed placements via DHS/contractors" and "Harassment, unsafe conditions, interference with legal filings." (*Id.* at 7.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Additionally, under a heading that reads "Fraud Upon the Court Allegations," Plaintiff writes, among other things, "Relief sought: equitable review under Rule 60(d)(3), declaratory and injunctive relief." (*Id*. at 8.)

Plaintiff seeks monetary, declaratory, and injunctive relief.

**DISCUSSION**

**A.    Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The complaint does not comply with Rule 8 and therefore must be dismissed. While the complaint does set forth some of the harms that Plaintiff allegedly suffered, he provides no allegations that any of the Defendants are responsible, and should be held liable, for those harms. In fact, the body of the complaint contains no allegations at all against Defendants. Plaintiff also does not describe where or when any of the events allegedly took place or describe how any of those occurrences deprived him of rights secured by federal law. Plaintiff has therefore failed to state a claim for relief, and the Court dismisses the complaint on that basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

4

**B.    Motion for emergency relief**

Plaintiff also filed a request for emergency relief. (ECF No. 4.) To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. As shown above, Plaintiff has failed to state a claim against any Defendant in this action. Plaintiff therefore cannot credibly argue that he is likely to succeed on his claims or that there are serious questions going to the merits of this case. The Court therefore denies Plaintiff's motion for emergency relief.

**C.    Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claims under 42 U.S.C. § 1983 or other federal laws, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court denies Plaintiff's motion for emergency relief. The Clerk of Court is directed to terminate the motion pending at ECF No. 4.

6

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    April 8, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name        Middle Initial        Last Name

_____

Street Address

_____

County, City        State        Zip Code

_____

Telephone Number        Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                   Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                   Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                   Zip Code

Page 4

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name    Middle Initial | Last Name |
| Street Address | |
| County, City | State    Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.